FILED

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL T. HAYES,

          Plaintiff - Appellant,

  v.

KATHY RADFORD, Mail Room
Supervisor of ICC,

          Defendant - Appellee.

No. 12-35899

D.C. No. 1:09-cv-00555-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

    Michael T. Hayes, an Idaho state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging interference with his mail.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v.*

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A);

*Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (summary judgment), *amended by* 135 F.3d 1318 (9th Cir. 1998).  We affirm.

The district court properly granted summary judgment as to the portion of Hayes's legal mail claim that was properly exhausted because Hayes failed to raise a genuine dispute of material fact as to whether any legal mail had been opened outside his presence.  *See Keenan*, 83 F.3d at 1094 ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.").

The district court properly dismissed Hayes's claim regarding the holding of his mail while Hayes was temporarily housed at Shoshone County Jail because the allegations in Hayes's complaint and the attachments thereto show that defendant Radford's handling of Hayes's mail was reasonably related to a legitimate penological interest and constituted an isolated interference.  *See Crofton v. Roe*, 170 F.3d 957, 959-61 (9th Cir. 1999) (temporary delay in mail delivery did not violate First Amendment where the record showed that there was a legitimate penological reason for the delay).

The district court properly dismissed Hayes's claim against defendants Prado and Valdez because Hayes failed to allege facts demonstrating their personal involvement in the alleged violations or a causal connection between their conduct

and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court did not abuse its discretion by denying Hayes's motion for leave to file a second amended complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "[a]lthough leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

Hayes's contentions regarding his motion for review of his first amended complaint and his motion to augment the record are without merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**